IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-02220-PSF-PAC

RANAE SCHULTE,

    Plaintiff,

v.

THE BOARD OF COUNTY COMMISSIONERS OF LAS ANIMAS COUNTY;
LAS ANIMAS COUNTY SHERIFF'S DEPARTMENT;
JAMES CASIAS, Las Animas County Sheriff; and
MANNY GUTIERREZ,

    Defendants.

_____

## ORDER SETTING ASIDE ENTRY OF DEFAULT
_____

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment Against The Board of County Commissioners of the County of Las Animas, State of Colorado, Las Animas County Sheriff's Department, Las Animas County Sheriff James Casias and Manny Gutierrez (Dkt. # 13) and Defendants' Motion to Set Aside Entry of Default (Dkt. # 14), both filed May 16, 2005.

F.R.Civ.P. 55(c) states that a court may set aside an entry of default "for good cause shown." The principal factors in determining whether a defendant has met the good cause standard are "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 1995 WL 523646 *3 (10th Cir. 1995) (published in table form at 65 F.3d 178). "Good cause" under Rule 55(c) is a lesser standard than "excusable neglect" for

obtaining relief from a judgment under F.R.Civ.P. 60(b)(1).  *See Dennis Garberg & Associates, Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

Based on these factors, the Court finds that defendants have demonstrated good cause for their failure to answer the complaint in a timely manner.  The facts do not show that defendants made an informed choice not to file an answer.  Furthermore, as the case is still in its initial stages, there is no evidence that plaintiff will be prejudiced by the setting aside of the entry of default.  It is not clear whether proper service under F.R.Civ.P. 4 occurred or not.  In any event, it would have behooved plaintiff's counsel to determine whether defendants were aware of the existence of the complaint and intended to defend timely the claims asserted against them, assuming service was properly effected.  Finally, defendants assert that they have meritorious defenses to plaintiff's complaint and they will be prejudiced if not permitted to present these defenses, and the filings at this juncture are too limited to rebut that contention.  The Court accepts those representations as plausible solely for purposes of the pending motions.

For these reasons, the Court DENIES Plaintiff's Motion for Default Judgment Against the Board of County Commissioners of the County of Las Animas, State of Colorado, Las Animas County Sheriff's Department, Las Animas County Sheriff James Casias and Manny Gutierrez (Dkt. # 13) and GRANTS Defendants' Motion to Set Aside Entry of Default (Dkt. # 14).  The Clerk of the Court is directed to set aside the default entered against defendants on May 11, 2005.  Defendants shall file an answer or

otherwise respond to plaintiff's complaint on or before July 22, 2005.

DATED: July 8, 2005

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge